# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

### LORI R. TORRES v. MICHAEL S. TORRES

**Appeal from the Circuit Court for Campbell County**
**No. 14538      John D. McAfee, Judge**

---

### No. E2011-00057-COA-R3-CV-FILED-SEPTEMBER 5, 2012

---

The appellee in this case filed a motion to dismiss appeal on July 20, 2012, arguing that the judgment of divorce entered by the trial court on December 6, 2010, is not a final judgment from which an appeal can be taken and the appellate record on file is therefore incomplete. The orders entered by the trial court on July 9, 2012, confirm that the notice of appeal was filed prematurely, as all claims between the parties have not yet been resolved. The appellant did not file a response to the motion. Our review of the record reveals that the order to which the notice of appeal is directed is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

**JOHN W. MCCLARTY, J.; HERSCHEL P. FRANKS, P.J., CHARLES D. SUSANO, JR., J.**

Brent R. Watson and Suzanne N. Price, Knoxville, Tennessee, for the appellant, Michael S. Torres.

Johnny V. Dunaway, LaFollette, Tennessee, for the appellee, Lori R. Torres.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

The parties were divorced by a judgment entered December 6, 2010. The appellant thereafter filed a notice of appeal on January 10, 2011. It appears the notice of appeal was filed while a motion for new trial was pending in the trial court. Indeed, since the filing of the notice of appeal, the trial court conducted numerous hearings relating to outstanding issues. On July 9, 2012, the trial court entered an order indicating that the judgment of divorce was not a final judgment from which an appeal could be taken and that jurisdiction remained with the trial court.

A review of the record reveals that the trial court's December 6, 2010 order, to which the notice of appeal is directed, is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable . . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was premature, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

**CONCLUSION**

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Michael S. Torres.

PER CURIAM